**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 6, 2024

LETTER TO COUNSEL

RE:     *Monica E. v. Commissioner, Social Security Administration*
        Civil No. SAG-23-1726

Dear Counsel:

On June 27, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision to deny her claim for benefits. ECF No. 1. Having reviewed the record (ECF No. 9) and the parties' briefs (ECF Nos. 13, 17, 20), I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). I must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under these standards, I will affirm the SSA's decision. This letter explains my rationale.

## I.     PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits on May 19, 2019, alleging a disability onset of May 17, 2019. Tr. 15. The claim was denied initially and on reconsideration. *Id.* After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. Tr. 12–32. After the Appeals Council declined to review the ALJ's decision, Tr. 1–6, Plaintiff appealed to this Court, Tr. 919–20. The Court remanded Plaintiff's case to the SSA. Tr. 921–24. The Appeals Council then vacated the SSA's decision and remanded the case to an ALJ for a new hearing. Tr. 927–31. After holding a hearing, an ALJ issued an unfavorable decision on Plaintiff's claim on April 26, 2023. Tr. 865–918. Plaintiff filed no exceptions with the Appeals Council, and the Appeals Council did not otherwise assume jurisdiction, so the April 26, 2023 decision is final and subject to judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.984(d).

## II.     THE ALJ'S DECISION

The Social Security Act[1] defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked

---

[1] 42 U.S.C. §§ 301 et seq.

*Monica E. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1726
June 6, 2024
Page 2

during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ found that Plaintiff engaged in substantial gainful activity from May 2019 to June 2021, but that Plaintiff had not done so since June 1, 2021. Tr. 870–71. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, bilateral knee osteoarthritis, and obesity. *Id.* The ALJ also found that Plaintiff had the following non-severe impairments: carpal tunnel syndrome, a right small finger injury, syncope, hyperlipidemia, obstructive sleep apnea, irritable bowel syndrome, posttraumatic stress disorder, bipolar disorder, and depressive disorder. Tr. 872. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment. Tr. 874.

The ALJ then found that Plaintiff had the residual functional capacity[2] ("RFC") to "perform medium work as defined in 20 CFR 404.1567(c) except she can never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; and never be exposed to hazards such as dangerous moving machinery and unprotected heights." Tr. 875. At step four, the ALJ found that Plaintiff could not perform her past relevant work. Tr. 881. At step five, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 882. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 883.

## III.   LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the substantial-evidence inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

---

[2] A claimant's residual functional capacity ("RFC") is "the most [they] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a). RFC is expressed in terms of the ability to do "sustained work-related physical and mental activities in a work setting" for "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (July 2, 1996). When assessing RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess [their] work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." *Id.*

*Monica E. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1726
June 6, 2024
Page 3

## IV.   <u>ANALYSIS</u>

Plaintiff argues that the ALJ's step-one findings were not supported by substantial evidence.  ECF No. 13 at 20–22.  She also argues that the ALJ failed, in various respects, to properly assess her mental and physical impairments.  *Id.* at 7–20.  Defendant counters that Plaintiff engaged in substantial gainful activity from May 2019 to June 2021 "based on her own reports."  ECF No. 17 at 7.  Defendant also contends that substantial evidence supports the finding that Plaintiff had only non-severe mental impairments.  *Id.* at 9.  Lastly, Defendant argues that the RFC assessment properly addresses Plaintiff's physical limitations.  *Id.* at 14.

### A.   <u>The ALJ Did Not Err at Step One.</u>

The Court begins by evaluating Plaintiff's argument that the ALJ erred at step one. Pursuant to SSA regulations, claimants are not found to be disabled during periods in which they engage in "substantial gainful activity," 20 C.F.R. § 404.1520(a)(4)(i), which is defined as "work activity that is both substantial and gainful," *id.* § 404.1572.  Work activity is "[s]ubstantial" if it "involves doing significant physical or mental activities."  *Id.* § 404.1572(a).  "Gainful" work activity is "the kind of work usually done for pay or profit, whether or not a profit is realized."  *Id.* § 404.1572(b).  The SSA has established income guidelines that "set a floor for earnings that presumptively constitute substantial gainful activity."  *Adams v. Colvin*, No. 14-1540, 2016 WL 3566859, at *9 (N.D.N.Y. June 23, 2016) (emphasis omitted).

Plaintiff argues that the ALJ erred in finding that she "engaged in substantial gainful activity during the following periods: May 2019 to June 2021."  ECF No. 13 at 21 (quoting Tr. 870).  The Court disagrees.  At step one, the ALJ analyzed treatment notes showing that, "around the time she lost her job" in May 2019, Plaintiff was able to babysit her granddaughter five days per week.  Tr. 871 (citing Exhibit 11F at 28–29) (emphasis omitted).  The ALJ also discussed a treatment note in which Plaintiff stated that she "planned to stop babysitting" in June 2021 "and therefore needed to 'replace about $600 worth of weekly income.'"  *Id.* (quoting Exhibit 13F at 30) (emphasis omitted).  The ALJ determined that Plaintiff "began babysitting her granddaughter 5 days a week after she lost her job in May 2019, earning about $600 per week."  *Id.*  Because this figure exceeded the SSA's threshold amount for substantial gainful activity during the relevant period, the ALJ concluded that Plaintiff engaged in such activity from May 2019 to June 2021.  *Id.*

Plaintiff contests the ALJ's step-one finding on the ground that the evidence the ALJ relied upon was "speculative and insufficient."  ECF No. 13 at 21.  But, as Defendant correctly notes, "[t]he evidence that Plaintiff refers to as 'speculative' came from her own reports to her mental health providers in 2020 and 2021."  ECF No. 17 at 7.  More importantly, the ALJ relied upon "more than a mere scintilla" of evidence to form their step-one conclusions.  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  Although a reasonable factfinder might have viewed the evidence differently, the Court must uphold the ALJ's findings because they are "supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

*Monica E. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1726
June 6, 2024
Page 4

Plaintiff further argues that inconsistencies in the evidence related to substantial gainful activity required the ALJ to order further development of the record pursuant to 20 C.F.R. § 404.1520b.  ECF No. 13 at 22.  The Court disagrees.  An ALJ, in their discretion, may rule upon a record containing inconsistencies if, as here, the ALJ determines that doing so is feasible.  *See* 20 C.F.R. § 404.1520b(b)(1) ("If any of the evidence in your case record[] . . . is inconsistent, we will consider the relevant evidence and see if we can determine whether you are disabled based on the evidence we have.").  Because the ALJ's step-two findings were reached in accordance with governing law and supported by substantial evidence, the Court must uphold them.

B.    The ALJ Properly Evaluated Plaintiff's Mental Limitations.

Plaintiff also raises several arguments concerning the ALJ's evaluation of her mental impairments.  First, she contends that the ALJ applied the special technique in a "flawed" manner. ECF No. 13 at 13.  As background, an ALJ must employ a "special technique" when evaluating the severity of a claimant's mental impairments.  20 C.F.R. § 404.1520a(a).  To apply the technique, an ALJ rates the claimant's degree of limitation in each of four categories: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  *Id.* § 404.1520a(c); *see also id.* § 404.1520a(e)(4) ("The decision must [document the application of the technique by showing] the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s).").  Each functional area is rated using "the following five-point scale: None, mild, moderate, marked, and extreme."  *Id.* § 404.1520a(c)(4).  "The last point on the scale represents a degree of limitation that is incompatible with the ability to do any gainful activity."  *Id.*  If a functional area is rated "none" or "mild," the ALJ "will generally conclude that [the] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation[.]"  *Id.* § 404.1520a(d)(1).

Plaintiff argues that the ALJ's special-technique analysis was "devoid of medical fact." ECF No. 13 at 9.  She also asserts that the analysis "stands in contrast to [the views of] every medical professional that has either treated Plaintiff or reviewed her casefile[.]"  *Id.*  Lastly, she avers that the ALJ relied "solely on her own lay views of what the evidence did or did not demonstrate."  *Id.* at 13.

A review of the ALJ's decision belies these contentions.  After determining that Plaintiff suffered from three mental impairments (posttraumatic stress disorder, bipolar disorder, and depressive disorder), the ALJ found that Plaintiff had "mild" limitations in each of the four functional areas.  Tr. 872–74.  In assessing Plaintiff's ability to understand, remember, or apply information, the ALJ noted that, during an examination, Plaintiff "reported short-term and long-term memory problems; however, she scored 23/30 on the MMSE, which fell within the normal range."  Tr. 872.  The ALJ also relied upon the findings of Dr. Melinda Stein as well as evidence that Plaintiff "applied to jobs, donated plasma, and participated in an 8-week paid survey, all of which likely required some ability to understand, remember, and/or apply information."  Tr. 873. With respect to interacting with others, the ALJ relied upon Dr. Stein's treatment notes, a

*Monica E. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1726
June 6, 2024
Page 5

consultative examination, and Plaintiff's activities to draw a conclusion on Plaintiff's level of limitation. *Id.* With respect to Plaintiff's limitations in concentrating, persisting, or maintaining pace, the ALJ relied upon Dr. Stein's findings, the results of two examinations, and Plaintiff's activities. *Id.* In assessing Plaintiff's ability to adapt or manage herself, the ALJ relied upon an examination as well as evidence showing that Plaintiff could respond to demands in her life and form plans. Tr. 873–74.

The Court finds that the ALJ supported these findings with substantial evidence because the ALJ marshaled more than a scintilla of factual support for the mild degree of limitation that they assigned to each of the four functional areas. *See Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Plaintiff disagrees and devotes several pages of her brief to summarizing medical opinions and discussing a panoply of medical findings, most of which concern her mood, thought process, speech, affect, and judgment. *See* ECF No. 13 at 9 n.6, 11–13. She appears to fault the ALJ for failing to articulate the significance of each relevant portion of the record when applying the special technique. *See id.* at 9 ("The ALJ erred . . . by failing to cite substantial evidence to support the degree of functional limitation afforded to each area of functional limitation."). But the ALJ's failure to incorporate the whole record into their written analysis does not compel remand. The Fourth Circuit has stated that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [their] decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Here, the ALJ stated that they took "all the evidence" under advisement. *See* Tr. 869. Thus, "absent evidence to the contrary," the Court must take the ALJ "at [their] word." *Reid*, 769 F.3d at 865.

Moreover, it is not clear how any of the evidence identified by Plaintiff compels conclusions different from those reached by the ALJ. Plaintiff cites the opinions of Drs. Walcutt and Mendoza, both of whom determined that Plaintiff's limitations in concentration, persistence, and pace were moderate. ECF No. 13 at 10 n.6. However, the ALJ rejected these views as unpersuasive. *See* Tr. 880 ("Notably, the undersigned also finds a mild (rather than moderate) limitation in concentration, persistence, or pace, as the claimant was able to initiate and perform tasks such as vacuuming, laundry, babysitting, participating in an 8-week paid survey, cooking, and shopping."). Plaintiff's brief also recounts the views proffered by Dr. Cotelingam, *see* ECF No. 13 at 10 n.6, but the ALJ rejected Dr. Cotelingam's opinion in its entirety, *see* Tr. 881.

Simply put, Plaintiff has not shown that remand would necessarily yield a different result with respect to the application of the special technique or its effect on the outcome of Plaintiff's claim. Therefore, the Court finds no basis for disturbing the ALJ's findings. *See Reid*, 769 F.3d at 865 (affirming an ALJ's decision where the ALJ's finding was "amply supported by the record" and Plaintiff "failed to point to any specific piece of evidence not considered by the Commissioner that might have changed the outcome of his disability claim") (emphasis omitted).

In addition to contesting the ALJ's application of the special technique, Plaintiff avers that the ALJ erred by failing to consider whether her mental impairments meet or equal certain listed impairments. ECF No. 13 at 14. However, the ALJ found that Plaintiff's mental impairments were not severe, *see* Tr. 872, and the SSA does not assess non-severe impairments at step three,

*Monica E. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1726
June 6, 2024
Page 6

*see* 20 C.F.R. § 404.1520a(d)(2). Plaintiff also contends, in a footnote, that the RFC assessment fails to account for her mental impairments. ECF No. 13 at 13 n.7. To the contrary, the RFC assessment contains a lengthy discussion of the psychological opinions of record, Plaintiff's symptoms, and Plaintiff's activities. Tr. 880. After providing this discussion, the ALJ concluded that the record only supports "mild mental impairments" and that, "even when considered in tandem with [Plaintiff's] physical impairments," the mental-impairment evidence is insufficient "to support mental limitations in [the RFC]." *Id.* Thus, the ALJ sufficiently explained why the RFC assessment does not include mental limitations.[3]

In sum, a review of the record reveals no reversible error stemming from the ALJ's evaluation of Plaintiff's mental impairments. The Court therefore turns its attention to Plaintiff's remaining argument.

C.     The ALJ Properly Evaluated Plaintiff's Physical Limitations.

Lastly, Plaintiff contends that the ALJ failed to conduct a function-by-function analysis of her exertional capabilities (sitting, standing, walking, lifting, carrying, pushing, and pulling) pursuant to Social Security Ruling ("SSR") 96-8p. ECF No. 13 at 14–20. Having carefully reviewed the record, the Court determines that remand is not warranted on this basis.

To be sure, the ALJ did not assess Plaintiff's exertional capabilities on a function-by-function basis. Nevertheless, the RFC assessment finds support in the weight that the ALJ assigned to the RFC assessments conducted by Drs. Cylus and Pio Roda. These doctors opined that Plaintiff was limited to: (1) frequently lifting and/or carrying twenty-five pounds; (2) occasionally lifting and/or carrying fifty pounds; (3) standing and/or walking for about six hours during a workday; (4) sitting for about six hours during a workday; and (5) unlimited pushing and/or pulling. Tr. 67–68, 82–83. Having found these RFC assessments persuasive, *see* Tr. 879, the ALJ limited Plaintiff to medium work, *see* Tr. 875, which involves "lifting no more than 50 pounds at a time," "frequent lifting or carrying of objects weighing up to 25 pounds," "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday," and sitting "intermittently during the remaining time," SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

Although the ALJ did not conduct a function-by-function analysis of Plaintiff's exertional abilities, the Fourth Circuit has "rejected a per se rule requiring remand" when the ALJ does not perform such an analysis and has explained that remand "may be appropriate" when an ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). No such issue exists here—Plaintiff identifies no unresolved evidentiary conflicts concerning exertional functions and the ALJ permitted meaningful review by incorporating the RFC assessments of persuasive sources into the ALJ's own RFC assessment. *See Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017) (holding that

---

[3] As a corollary, the Court does not find that the ALJ's mental RFC analysis "infected" subsequent steps of the sequential evaluation process. ECF No. 13 at 13 n.7.

*Monica E. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1726
June 6, 2024
Page 7

an ALJ adequately supported limitations in the RFC assessment by assigning persuasive value to the opinions of doctors who addressed the limitations in detail); *Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis of her exertional limitations.  Thus, the ALJ employed the legal standard set forth in . . . SSR 96–8p in [assessing] RFC.").  Therefore, the ALJ's failure to explicitly assess Plaintiff's exertional abilities does not warrant remand.

## V.    **CONCLUSION**

For the reasons set forth above, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge